IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRELL PETTY, | ) | |
| ID # 36409-177, | ) | |
| Movant, | ) | No. 3:16-CV-0276-D (BH) |
| vs. | ) | No. 3:09-CR-0204-D |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 1) should be **DENIED** with prejudice.

**I.  BACKGROUND**

Harrell Petty (Movant) challenges his federal conviction and sentence in Cause No. 3:09-CR-204-D.  The respondent is the United States of America (Government).

Movant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count One), possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three).  By judgment entered on June 7, 2010, he was sentenced to 120 months' imprisonment for Count One, 180 months' imprisonment for Count Two, and 60 months' imprisonment for Count Three, with the sentences to be served consecutively.  (*See* doc. 56 at 2.)[1]  The judgment was affirmed on appeal. (*See* doc. 74; *United States v. Petty*, No. 10-10597 (5th Cir. June 3, 2011).  He did not file a petition

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:09-CR-204-D.

for writ of certiorari.

Movant's § 2255 motion, signed on January 20, 2016, was received on February 1, 2016. (*See* No. 3:16-CV-276-D, doc. 1 at 10.) It alleged that the residual clause of a career offender sentencing guideline that increased his offense level was unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). It also alleged that his prior Texas conviction for aggravated assault was not a crime of violence for purposes of the career offender sentencing guideline under the modified categorical approach set out in *Descamps v. United States*, 570 U.S. 254 (2013). (*Id.*, doc. 1-1 at 5-11). The Government filed a response on March 31, 2016, and supplemental responses on April 20, 2016, and May 17, 2016, contending that the motion to vacate was untimely. (*Id.*, docs. 5, 10, 13.) Movant filed replies on May 23, 2016, and May 31, 2016, and a supplement to his motion to vacate and memorandum that alleged that his prior Texas conviction for possession with intent to deliver a controlled substance was not a controlled substance conviction for purposes of the career offender sentencing guideline under *Mathis v. United States*, 136 S.Ct. 2243 (2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017); and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). (*See id*, docs. 14, 15, 17 at 1-3.)

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by

2

>    governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to § 2255(f)(1), the judgment was affirmed on appeal on June 3, 2011. Movant did not file a petition for writ of certiorari in the Supreme Court, so his conviction became final on September 1, 2011, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). He does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2). The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) does not apply.

**A.     Newly Recognized Right**

Movant cites *Johnson* as a basis for his motion. In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review.

*Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Movant was not sentenced under the ACCA. He contends that the residual clause of a sentencing guideline is unconstitutional in light of *Johnson*. *Johnson* does not apply to the sentencing guidelines, and the guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017). *Johnson* did not announce a newly recognized right regarding the constitutionality of the sentencing guidelines, so § 2255(f)(3) does not apply. *See Clayton v. United States*, No. 3:16-CV-1837-L, 2017 WL 3880723 at *1-2 (N.D. Tex. Aug. 1, 2017), *rec. adopted*, 2017 WL 3726814 (N.D. Tex. Aug. 30, 2017).

Movant also cites *Descamps v. United States*, 570 U.S. 254 (2013), *United States v. Mathis*, 136 S. Ct. 2243 (2016), *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), and *United States v. Hinkle*, 832 F.3d 567 (5th Cir. 2016), in support of his claims regarding the use of his prior aggravated assault and drug convictions to enhance his sentence. *Descamps* did not announce a new rule of law made retroactive to cases on collateral review, so it is not a basis for applying § 2255(f)(3). *See United States v. Morgan*, 845 F.3d 664, 667-68. *Mathis* did not announce a new rule. *See* 136 S. Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because it did not announce a new rule of constitutional law). *Mathis* therefore cannot form the basis for applying § 2255(f)(3). *See also United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("Because *Mathis* did not announce a new rule, Mr. Taylor cannot rely on it in a § 2255 petition filed nearly

4

fifteen years after the judgment in his criminal case became final.").

*Tanksley* and *Hinkle* were decisions from the Fifth Circuit Court of Appeals, not the United States Supreme Court. Section 2255(f)(3) applies only to claims relying on a rule "newly recognized by the Supreme Court." Also, *Tanksley* and *Hinkle* applied *Mathis* on direct appeal, not to § 2255 motions that were otherwise time-barred. *See Tanksley*, 848 F.3d at 352 (vacating the defendant's sentence on direct appeal because a prior Texas conviction for possession with intent to deliver a controlled substance did not qualify as a controlled substance under the career offender provision of the sentencing guidelines); *Hinkle*, 832 F.3d at 574-77 (vacating the defendant's sentence on direct appeal because a prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provision of the sentencing guidelines). Section 2255(f)(3) does not apply here. *See Washington v. United States*, 2017 WL 2930939, *3 (W.D. Tex. July 7, 2017) (rejecting an argument that *Tanksley* and *Hinkle* triggered § 2255(f)(3)).

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, he had until September 1, 2012, to file his § 2255 motion. He did not file his § 2255 motion until January 20, 2016, at the earliest.[2] It is untimely in the absence of equitable tolling.

**B.      Equitable Tolling**

Movant contends that the limitations period should be equitably tolled because appellate counsel did not inform him about the one-year statute of limitations. He also asserts that he was in state custody from June 18, 2010, transferred to federal custody on November 3, 2011, and placed in solitary confinement on August 18, 2012. He was then placed in the special management unit on some unspecified date, and confined to his cell for 23 hours a day with minimal access to legal

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

5

materials. He asserts that he was released to the general prison population on October 26, 2015. (*See* doc. 1-1 at 3-5.)

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. "The Sixth Amendment does not require counsel to apprise a defendant of the availability

6

of collateral proceedings for attacking a conviction or any limitations on the seeking of such relief." *United States v. Morfin*, 2007 WL 837276 at *3 (N.D. Tex. Mar. 20, 2007) (movant not entitled to equitable tolling based on counsel's failure to inform movant about the one-year statute of limitations for § 2255 motions); *see also United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("ineffective assistance of counsel is irrelevant to the [equitable] tolling decision because a prisoner has no right to counsel during post-conviction proceedings[;] . . . [m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"). Ignorance of the law and lack of knowledge about the filing deadlines does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

Although Movant was in state custody after he was sentenced in his federal criminal case, he states that he was returned to federal custody on November 3, 2011, and he was placed in solitary confinement on August 18, 2012, which was less than one month before his § 2255 motion was due on September 1, 2012. He does not allege that he had been preparing a § 2255 motion before August 18, 2012, but was prevented from completing it due to his placement in solitary confinement. He does not explain why he could not have prepared a § 2255 motion during his incarceration in solitary confinement or in the special management unit, where he had one hour each day to use the prison law library if he chose to do so. After he was placed in general population on October 26, 2015, he did not file his § 2255 motion until almost three months later, on January 20, 2016. He has not shown that he was diligent in filing his § 2255 motion. He is not entitled to equitable tolling, and his § 2255 motion is untimely.

### III. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should

be **DENIED** with prejudice as barred by the statute of limitations.

      **SIGNED on this 16th day of January, 2018.**

                                              IRMA CARRILLO RAMIREZ
                                         UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                              IRMA CARRILLO RAMIREZ
                                         UNITED STATES MAGISTRATE JUDGE